UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GINO ROTONDO, SR.; FERNANDO
LOPEZ; DERRICK CEDENO;
DEVONTE TEIXEIRA; MAMADON
NDOYE; MARCUS LOPES; SCOTT
LINDSAY; CHRISTOPHER PILATO;
J'KIAH A. THOMAS; and IBRAHEEM
ALTEKREETI,
  Plaintiffs,

v.

GOV. MCKEE, *Individual Capacity and Official Capacity*; A.C.L.U. (RI), *Individual Capacity and Official Capacity*; UN-NAMED R.I. INDEMNITY INSURANCE CO., *Individual Capacity and Official Capacity*; UN-NAMED DOC DIETICIAN, *Individual Capacity and Official Capacity*; DEPUTY VICINI, *Individual Capacity and Official Capacity*; CATHY LYONS, *Individual Capacity and Official Capacity*, DIR. SALISBURY, *Individual Capacity and Official Capacity*; FRED SPECHT, *Acting Associate Director of Food Service*,
  Defendants.

C.A. No. 25-159-JJM-

ORDER

  The filing by the Plaintiffs of an Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) requires the Court to review the Complaint to determine whether it states a plausible federal claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has done so and concludes that it does not state a plausible federal claim for relief

under the standard of *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009).  Rather than dismissing the Complaint outright, the Court will grant leave to amend the Complaint within thirty days, on or before July 31, 2025.

The jurisdiction of this Court pursuant to 42 U.S.C. § 1983 invokes the category of federal question, which requires the Complaint to plead a violation of a federal statute or of the United States Constitution.  The pleading defects in this Complaint are many, beginning with the role of the lead Plaintiff, Gino Rotondo.  Mr. Rotondo styles himself "Administrator" and purports to bring a class action on behalf of himself and other Muslim inmates confined with him.  Only he has signed the Complaint.  First, there is no designation as "Administrator" that allows Mr. Rotondo to speak on behalf of others.  Second, as a pro se litigant (and non-attorney), he may not represent the interests of any other person simply by styling his Complaint a "class action (which, the Court notes, includes none of the pleadings required by a class action).  L.R. Gen. 205.  Third, *pro se* persons who have not signed the Complaint may not be joined to it as Plaintiffs.  Fed. R. Civ. P. 11(a).  Fourth, the Complaint concerns the dietary situation for Mr. Rotondo as a purported Muslim, but Mr. Rotondo has not in the Complaint alleged that he in fact is Muslim, an omission that leads to questions about his standing.  His standing is also in question on the allegation that inmates in Medium Security and at the Intake Service Center were not fed enough times per day:  unless Mr. Rotondo was transferred between those facilities during Ramadan, he is not a member of one of those groups and as to that group has no standing to complain of deficiencies.

The case is dismissed with respect to all named "Plaintiffs" other than Mr. Rotondo.

As to Mr. Rotondo's individual claims against the defendants, Mr. Rotondo has sued several persons with no allegations about their participation in the purported constitutional and statutory violations. He relies on their positions as "in charge" (the Governor, he pleads, is "responsible" for everything) and top management (defendants Salisbury, Lyons, and Vicini). Without factual allegations of acts committed by them that are connected to the alleged violations, there is no plausible claim for relief. *Sanchez-Pereira-Castillo,* 590 F.3d 31, 40 (1st Cir. 2009) (conclusory allegation that supervisor responsible to ensure prisoner safety was insufficient pleading). The case is DISMISSED as to defendants Gov. McKee, Director Salisbury, Warden Lyons, and Deputy Warden Vicini.

Mr. Rotondo sues the Rhode Island Affiliate of the American Civil Liberties Union ("RIACLU") for not sufficiently engaging with inmates and for establishing a "stringent" list of qualifications that must allegedly be met before the organization will speak to inmates. The Complaint states, "The sole purpose of naming them as a defendant is to shame them of their responsibilities." Mr. Rotondo's dissatisfaction with the responsiveness of the RIACLU is not a basis for a federal lawsuit. The organization owes him no duty and the allegation that it receives public funds, even if true, does not satisfy § 1983's "state action" requirement. The RIACLU is DISMISSED from the action.

Mr. Rotondo also sues an unnamed "Indemnity Insurance" entity, to try to preclude any defendant found liable for monetary damages from seeking insurance coverage or indemnification to satisfy a judgment. He protests that the payment of damages by an insurance company is inconsistent with any deterrence of the defendants from unconstitutional behavior. While that may or may not be true, that issue would be between the Department of Corrections ("DOC") and its insurer (if any), and Mr. Rotondo may not insert himself into any such relationship or sue for what he considers poor public policy. The unnamed insurer is DISMISSED from the action.

That leaves two defendants presumably connected to the dietary regime: the unnamed DOC dietitian and Fred Specht, identified in the Amended Complaint as the Acting Associate of Food Services. It also brings the Court to the substance of the Complaint. Primarily, the Complaint asserts that Muslim inmates were not fed sufficient nutrition during Ramadan 2025 because there were too few meals and too many were inedible and "forced" inmates to throw them in the garbage. The months' menus are attached to the Complaint and certain meals and items are circled. Notes on the menus indicate that bagels–served with fruit and cereal and other items for breakfast–are "not nutritious." There is no further factual information about nutrition in the Complaint–neither nutrition needs nor data about the meals offered.

While the Court is solicitous of pro se plaintiffs, it cannot do the work of turning a recitation of insufficient allegations into a Complaint that satisfies the *Iqbal* standard. Mr. Rotondo must do that himself. He has 30 days, on or before July 31,

4

2025, in which to remedy the many defects in this Complaint with an Amended Complaint filed in accordance with the requirements of Fed. R. Civ. P. 15.  If no Amended Complaint is filed, or one is filed but it does not satisfy 28 U.S.C. § 1915(e)(2)(B)(ii), the case will be DISMISSED.  The Motion to Proceed *In Forma Pauperis* is deferred.


IT IS SO ORDERED:


*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court


July 1, 2025












IT IS SO ORDERED.



_____
John J. McConnell, Jr.
Chief United States District Judge

5